UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| CHARLES DAVID MILLER, JR., | ) | |
| Plaintiff, | ) | Civil No. 12-262-KSF |
| v. | ) | |
| LORETTA PIERCE, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Charles David Miller, Jr., is an individual formerly confined at the Blackburn Correctional Complex in Lexington, Kentucky. While confined there, Miller, proceeding without counsel, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, concerning an incident occurring on June 27, 2012, when a prison nurse erroneously dispensed medication to him that had not been prescribed for him.[1] He ingested that medication, resulting in his becoming ill afterwards. Miller alleges that in dispensing the wrong medication to him, the defendants were deliberately indifferent to his well-being and medical needs, in violation of his Eighth Amendment rights. Miller also claims that the defendants violated his rights under the Eleventh and Fourteenth Amendments to the U.S. Constitution and Sections One, Eight, and Eleven of the Constitution of the Commonwealth of Kentucky. Miller seeks unspecified compensatory and punitive damages and injunctive relief. [R. 1] By prior Order, the Court granted Miller's motion to proceed *in forma pauperis* and waived his payment of any further filing fee. [R. 9]

---

[1] Per the Occurrence Report prepared by Loretta Pierce, Medication Disbursement Nurse, on 6/27/12, it is undisputed that Miller was mistakenly given the wrong medication. [R. 1-1]

The Court must conduct a preliminary review of Miller's complaint because he obtained a waiver of the filing fee and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Miller's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Miller's factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the complaint and the attachments thereto, it is clear from the record that Miller is not presently entitled to any relief from this Court because he failed to exhaust his administrative remedies prior to filing the complaint. For this reason, Miller's complaint will be dismissed without prejudice.

## DISCUSSION

Miller states that the event about which he complains, being mistakenly given the wrong medication by a prison nurse, occurred on June 27, 2012. Miller states that he later began to feel ill and was sick for two days afterwards. Loretta Pierce, Medication Disbursement Nurse at the prison, completed an Occurrence Report stating that Miller had been given an incorrect medication and that his vital signs and neurological condition would need to be monitored for a certain period of time. Miller was monitored in the prison living area. It was unnecessary for him to be placed in Administrative Segregation for monitoring. [R. 1-1] Apparently, Miller was monitored without incident or further development of any symptoms of illness.

On June 30, 2012, Miller filed a grievance over this matter, requesting that prison staff investigate and address this incident and ensure that it never happens again. [R. 1-3, p. 2] On July 18, 2012, Miller filed a second grievance, requesting documentation identifying the medication and the quantity he was given. [R. 1-2, p. 2] A week later, on July 25, 2012, Miller filed another grievance over this same matter, requesting that action be taken on his request for documentation of the medication he was given and on his request for a refund of $2.30 he had paid for copies of records. [R. 1-4, p. 2] On August 1, 2012, defendant Brandy Harm, Deputy Warden, Programs, responded to Miller's grievance, advising him that he must file an open records request to obtain the information requested in his grievance and instructing him that he must submit the proper form in order to obtain this report. *Id*. On August 3, 2012, Miller signed this grievance form, indicating that he was satisfied with the informal resolution of his grievance. *Id*. Apparently, Miller later became dissatisfied with the resolution of his grievance. Approximately two weeks later, on August 20, 2012, Miller filed his complaint in this matter.

The Prison Litigation Reform Act, ("PLRA") 42 U.S.C. § 1997e(a), requires state and federal prisoners to exhaust all available administrative remedies before bringing an action with respect to prison conditions under federal law. The Supreme Court of the United States has twice held that the statute means precisely what it says. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 525 (2002). Additionally, in *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006), the Supreme Court held that exhaustion of administrative remedies must be done "properly," which means going through all steps that the agency holds out, obeying all directions, and adhering to all deadlines set by the administrative rules. *Id*. at 90.

The Kentucky Department of Corrections Grievance Procedure, as presented in Corrections Policy and Procedure ("CPP") 14.6, prescribes a number of steps that are involved in a medical

3

grievance. The process begins with the filing of a grievance, which leads to an attempt at resolution through informal means. If the inmate is not satisfied, he may request a review by the Health Care Grievance Committee. If the inmate is not satisfied with the Health Care Grievance Committee's recommendation, he may appeal to the Department of Corrections Medical Director's Office for a final administrative review. See CPP 14.6(II)(K). If the inmate is not satisfied with the decision of the KDOC Medical Director, the final decision in the administrative review process, then the PLRA authorizes the filing of a civil lawsuit.

After Miller became dissatisfied with the resolution of his grievance, instead of following the aforementioned prescribed procedures, *viz.*, filing an appeal to the Health Care Grievance Committee and then appealing to the KDOC Medical Director, he simply bypassed these steps and filed the present Complaint. Thus, Miller failed to exhaust his administrative remedies in compliance with CPP policy and procedures and as required by the PLRA as a prerequisite to filing an action in federal court. For this reason, his complaint must be dismissed.

## CONCLUSION

Accordingly, for the reasons stated above, **IT IS ORDERED** as follows:

(1) Plaintiff Charles David Miller Jr.'s complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE**.

(2) The Court will enter an appropriate judgment.

(3) This matter is **STRICKEN** from the active docket.

This 29th day of March, 2013.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge

4